## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-60622-BLOOM/Valle

MICHAEL ADDERLEY,

      Plaintiff,

v.

BRANDY ROLAND,

      Defendant.

_____/

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS
### AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to proceed *in forma pauperis*, ECF No. [3] (the "Motion"). The Court has carefully considered the Motion, any documents submitted therewith, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied and this case is dismissed without prejudice.

## I. LEGAL STANDARD

Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

## II. DISCUSSION

Plaintiff Adderley, proceeding on his own behalf, brings claims under 42 U.S.C § 1983 against Brandi Roland ("Ms. Roland"), seeking full custody of his daughter. *See* ECF No. [1] at 5. Plaintiff's Complaint also states: "I, Michael Adderley, do not press any charges on Brandi Roland." *Id.*

2

Plaintiff cannot maintain section 1983 claims against Ms. Roland, who, based on the Florida Department of Children and Families Investigative Summary attached to the Complaint, appears to be the mother of Plaintiff's daughter. In order to state a claim under section 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). "Only in rare circumstances can a private party be viewed as a state actor for section 1983 purposes." *Rayburn*, 241 F.3d at 1347 (internal quotations and alternations omitted). To hold that private parties are state actors, the court must conclude that one of the following three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." *Id.* (internal quotations and alternations omitted). Plaintiff's Complaint fails to allege facts demonstrating that Ms. Roland was state actor. Therefore, Plaintiff cannot assert a valid claim against Ms. Roland.

Moreover, the Complaint contains no allegations as to Ms. Roland whatsoever. Even under the relaxed pleading standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), Plaintiff's Complaint fails to state a claim for which relief may be granted. Accordingly, and under the Court's inherent authority, *see Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (stating that a district court has the inherent authority to

require repleading in accordance with Rules 8(a)(2) and 10(b)), the Court denies Plaintiff's Motion

to Proceed *In Forma Pauperis*, and dismisses Plaintiff's Complaint without prejudice.

## III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE**.

2.  Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED**.

3.  The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to;

Counsel of record

Michael Adderley
3001 NW 8 St
Pompano Beach, FL 33069